Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Dewey | Lee | Ayers, Jr. |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the NORTHERN DISTRICT OF GEORGIA

Case number: 1:24-bk-58028
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☒ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☒ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☒ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☒ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| Debtor | Dewey Lee Ayers, Jr. | Case number | 1:24-bk-58028 |
|---|---|---|---|

*Check one:*  ☐ 36 months    ☒ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$1,800.00** per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

### § 2.2  Regular Payments; method of payment.

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

### § 2.3  Income tax refunds.

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows: _____

### § 2.4  Additional Payments.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### § 2.5  [Intentionally omitted.]

### § 2.6  Disbursement of funds by trustee to holders of allowed claims.

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | Treatment of Secured Claims |
|---|---|

| Debtor | Dewey Lee Ayers, Jr. | Case number | 1:24-bk-58028 |

§ 3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| RUSS L ROBINSON | 2000 ENON ROAD Atlanta, GA 30331 Fulton County, GA | $21,375.00 | 0.0% | Monthly Payments shall begin at $300.00  Payment to increase post-confirmtion to $710.00 December 2024 |
| Fulton County Tax Commissioner | 2000 ENON ROAD Atlanta, GA 30331 Fulton County, GA | $28,344.00 | 0.0% | Monthly Payments shall begin at $300.00  Payment to increase post confirmation to $982.00 December 2024 |

§ 3.2 **Request for valuation of security and modification of certain undersecured claims.**

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full, with interest at the rate stated below. For a secured tax claim, the interest rate shall be the interest rate stated in the proof of claim. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Debtor | Dewey Lee Ayers, Jr. | Case number | 1:24-bk-58028 |

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | | | | | | | | | |

**§ 3.3    Secured claims to be paid in full.**

*Check one.*

☒ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4    Lien avoidance**.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5    Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **5.0** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | **Treatment of Fees and Priority Claims** |

**§ 4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

| Debtor | Dewey Lee Ayers, Jr. | Case number | 1:24-bk-58028 |
|---|---|---|---|

### § 4.3 Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ **3,500.00** . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ **1,092.00** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ **2,000.00**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ **2,000.00** , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| NONE- | | $ | $ |

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $4,373.00 |
| Internal Revenue Service | $11,430.00 |
| FULTON COUNTY TAX COMMIONER | $0.00 |

| Debtor | Dewey Lee Ayers, Jr. | Case number | 1:24-bk-58028 |
|---|---|---|---|

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**§ 5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3  Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Debtor | Dewey Lee Ayers, Jr. | Case number | 1:24-bk-58028 |
|---|---|---|---|

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**§ 8.1   Check "None" or List Nonstandard Plan Provisions.**

☒   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |
|---|---|

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X   /s/ Dewey Lee Ayers, Jr.
    Dewey Lee Ayers, Jr.
    Signature of debtor 1 executed on   August 11, 2024

X
    Signature of debtor 2 executed on

2000 Enon Road
Atlanta, GA 30331
Address        City, State, ZIP code

Address        City, State, ZIP code

X   /s/ Leonard R. Medley,, III
    Leonard R. Medley,, III  **GA BAR NO. 500685**
    Signature of attorney for debtor(s)

Date:   August 11, 2024

Leonard Medley

2727 Paces Ferry Rd
Suite 1450 Bld 2
Atlanta, GA 30339

Firm

Address        City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. **24-58028-PWB** |
| | ) | |
| DEWEY LEE AYERS, JR. | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | JUDGE BONAPFEL |

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

                                                                                                           __/s Dewey Lee Ayers, Jr.__
                                                                                                            Dewey Lee Ayers, Jr.

Date: August 11, 2024

Penalty for making a false statement or concealing property:
Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. '152 and '3571

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. **24-58028-PWB** |
| | ) | |
| DEWEY LEE AYERS, JR. | ) | CHAPTER 13 |
| | ) | |
| DEBTOR. | ) | JUDGE BONAPFEL |

**CERTIFICATE OF SERVICE**

    I, Leonard R. Medley, III, hereby certify under penalty of perjury that I am more than 18 years of age, and that I served a copy of the within Debtor's Initial Chapter 13 Plan, filed in this bankruptcy case upon the following by depositing a copy of same in U.S. Mail with sufficient postage affixed thereon to ensure delivery to:

| **CHAPTER 13 TRUSTEE** | **UNITED STATES TRUSTEE** | **DEBTOR** |
|---|---|---|
| K. Edward Safir | Office of the | Dewey Lee Ayers, Jr. |
| Standing Chapter 13 Trustee | United States Trustee | 2000 Enon Road |
| Suite 1600 | 362 Richard Russell Building | Atlanta, GA 30331 |
| 285 Peachtree Center Ave. NE | 75 Ted Turner Drive, SW | |
| Atlanta, GA 30303 | Atlanta, GA 30303 | |

| **NOTICE OF APPEARANCE** | **NOTICE OF APPEARANCE** |
|---|---|
| Attn: Capital One Auto Finance, a division of Capital One, N.A. Department AIS Portfolio Services, LLC Account: XXXXXXXXX9206 4515 N Santa Fe Ave. Dept. APS Oklahoma City, OK 73118 | Amitkumar Sharma Claims Processor Bankruptcy Servicer for Capital One Auto Finance, a division of Capital One, N.A. AIS Portfolio Services, LLC 4515 N Santa Fe Ave. Dept. APS Oklahoma City, OK 73118 |

Dated: Sunday, August 11, 2024

    /s/ Leonard R. Medley, III
**Leonard R. Medley, III**,
Attorney for Debtor
Georgia Bar No. 500685
Medley & Associates, LLC
Bldg. 2, Suite 1450
2727 Paces Ferry Road, SE
Atlanta, GA 30339
Telephone: (770) 319-7592
Fax: (770) 319-7594
Email: leonard@mkalaw.com

## United States Bankruptcy Court
### Northern District of Georgia

| In re | Dewey Lee Ayers, Jr. | Case No. | 1:24-bk-58028 |
|---|---|---|---|
| | Debtor(s) | Chapter | 13 |

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date: August 11, 2024

/s/ Dewey Lee Ayers, Jr.
Dewey Lee Ayers, Jr.
Signature of Debtor

```
Arvind Nath Rawal
Claims Processor
Bankruptcy Servicer for Capital One Auto
Oklahoma City, OK 73118


Capital One Auto Finance
division of Capital One, N.A. Department
AIS Portfolio Services, LLC 4515 N Santa
Oklahoma City, OK 73118


Capital One Bank (USA), NA
Corporation Service Co., Agent
100 Shokoe Slip, 2nd Floor
Richmond, VA 23219


Capital One N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118


FULTON COUNTY TAX COMMIONER
PO BOX 105052
Atlanta, GA 30348


Fulton County Tax Commissioner
141 Pryor Street Suite 1106
Atlanta, GA 30303


Georgia Department of Revenue
1800 Century BLVD
Suite 9100
Atlanta, GA 30345


Georgia Department of Revenue
COMPLIANCE DIVISION
1800 CENTURY BLVD. NE STE 9100
Atlanta, GA 30345-3205


Georgia Department of Revenue
COMPLIANCE DIVISION ARCS- Bankruptcy
1800 CENTURY BLVD. NE STE 9100
Atlanta, GA 30345-3205


Internal Revenue Service
401 W. Peachtree St. NW
Atlanta, GA 30308


Internal Revenue Service
PO BOX 105416
Atlanta, GA 30348


Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud, MN 56302-9617


MERRICK BANK
Resurgent Capital Services PO Box 10368
Greenville, SC 29603-0368
```

```
Midland Credit Management, Inc
PO Box 2037
Warren, MI 48090


National Credit Adjusters, LLC
Attn: Bankruptcy Department
P.O. Box 3023
Hutchinson, KS 67504


PAKWAY LAW GROUP
1755 NORTH BROWN
STE 150
Lawrenceville, GA 30043


Premier Bankcard, LLC
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud, MN 56302-9617


RUSS L ROBINSON
2650 HOLCOMB BRIDGE
250
Alpharetta, GA 30022
```